Weylin Walford

VS

The State of Texas
Appellee

●

In the 177th District Court of
Harris County, Texas CASE# 1404673
NO. ████ 01-14-00822 from
Court of Appeal 1st District of Texas

IN The Court of
Criminal Appeals At
Austin, Texas

Motion For Extension of Time To
File Petition For Discretionary Review

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 30 2015

Abel Acosta, Clerk

To The Honorable Justices of The Court of Criminal APPEALS :

FILED IN
COURT OF CRIMINAL APPEALS

NOV 03 2015

Abel Acosta, Clerk

Comes Now, Appellant, And files this Motion for An Extension in which to file A Petition for Discretionary Review. In support of this motion, Appellants shows the Court the following :

## I.

The Appellant's Appeal was affirmed by First Courts of Appeals on August 25, 15 from A panel of Justices on Review August 18, 15 (Justices; Keyes, Huddle, And Lloyd) Appellant Petition For Discretionary Review was Due within 30 days of that Date. However; A motion for Rehearing was filed September 14, 15 Also; Denied (Justices; Russell Lloyd; Alone) A time Extension was given for filing of Petition for Discretionary Review October 8, 15. I/Appellant Recieve October 20, 15 late because of tampering with Federal Goverment Mail inside this Facility (899 FM 632 Kenendy Tx 78119; (Connally Unit) Since April 23, 15; Never lefted.

## II.

Pursuant of Texas Rules of Appellant Procedure 68.2 (C) Appellant Procedure 68.2 (C) Appellant would here by Request An Extension of Time in which to file Petition For Discretionary Review (because) Unit just unwent; Lock Down October 5, 15 (2 per year,)

A). I/Appellant is being deprived Right to use of Unit Law Library for Material Such as Cave log/Research Etc... Since been on this Unit April 23, 115 violation of US Constitutional Rights When granted to proceeded Pro se in Custody.

## III.

Appellant would further show the Court that Appellant has been diligent in preparing of all Appellant's breifs/motions; in this CASE (Check all; briefs Responses brief/ Motion for Rehearing) Etc... All Done without time/Material from use's of Law Library All Doctrine/Case log Research Are According to the law even supporting facts; in shown that. Appellant Requests An Extension of time so that Appellant may Adequately prepare for filing of Petition for Discretionary Re in this Court. (Court of Criminal Appeals)

Wherefore, Premises Considered, the Defendant Respectfully prayer's that these Honorable Justices give verdict on the motion in All Consideration

Respectfully submitted,

*[signature]*

I/Appellant certify that A true And correct copy of this motion is delivered to The Court of Criminal Appeals And that everything here is true for this Extension of Time for A Petition for discretionary Review on this the 28th day of October, 2015 *[signature]*

On this the 28th day of October, 2015 came to be heard Appellant's Motion, And it Appears to the Court of Criminal Appeals that this Motion Should be. _____ Granted OR _____ Denied

Justices          Justices          Justices



## COURT OF APPEALS FOR THE
## FIRST DISTRICT OF TEXAS AT HOUSTON

### ORDER ON MOTION FOR REHEARING

Appellate case name:        Weylin Alford v. The State of Texas

Appellate case number:    01-14-00822-CR

Trial court case number:   1404673

Trial court:                       177th District Court of Harris County

Date motion filed:            September 14, 2015

Party filing motion:          Appellant

Appellant Weylin Alford's motion for rehearing is **DENIED.**

Appellant's petition for discretionary review, if any, must be filed with the Court of Criminal Appeals within 30 days of the date of this order. *See* TEX. R. APP. P. 68.2(a). "The Court of Criminal Appeals may extend the time to file a petition for discretionary review if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last day for filing the petition." TEX. R. APP. P. 68.2(c).

Judge's signature: /s/ Russell Lloyd
                            Acting for the Court

Panel consists of: Justices Keyes, Huddle, and Lloyd

Date: October 8, 2015

Opinion issued August 25, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-14-00822-CR

———————————

**WEYLIN ALFORD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1404673**

---

## MEMORANDUM OPINION

A jury convicted appellant Weylin Alford of the felony offense of burglary of a habitation with intent to commit assault. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). After finding an enhancement paragraph to be true, the

jury assessed appellant's punishment at thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. *See id.* § 12.42(b) (West Supp. 2014). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his pro se response, appellant argues, among other things, that the evidence is insufficient to support his conviction, he received ineffective assistance of counsel, the State failed to disclose evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 183 S. Ct. 1194 (1963) and the trial court abused its discretion when it denied several of appellant's pretrial motions and prevented him from introducing the police report into evidence. Appellant further contends that the trial court

required notice and file a copy of the notice with the Clerk of this Court. *See* TEX.

R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Keyes, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

I would like to have Address for the United States Supemor Court (Washington) The Top Supemior Court in the Nation. I60 (Law Library ) mailed out 10/5/15  TRES

violated his constitutional rights when it terminated appellant's self-representation and appointed counsel to represent him and ordered appellant shackled for the remainder of trial.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Glenn J. Youngblood must immediately send appellant the

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).